UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**YELLOWSTONE MOUNTAIN CLUB, LLC**,<br><br>Debtor. | Case No. **08-61570-11** |
| **TIMOTHY L BLIXSETH**,<br><br>Plaintiff.<br><br>-vs-<br><br>**MARC S KIRSCHNER, TRUSTEE OF THE YELLOWSTONE CLUB LIQUIDATING TRUST**,<br><br>Defendant. | Adv No. **09-00014** |

# MEMORANDUM of DECISION

At Butte in said District this 12th day of March, 2012.

In this Adversary Proceeding, after due notice, a hearing was held March 6, 2012, in Butte on the Motion to Quash Subpoena filed January 5, 2012, by Marc S. Kirschner ("Kirschner"), as Trustee of the Yellowstone Club Liquidating Trust ("YCLT") and on the Motion to Reopen Discovery Pertaining to Damages filed by Timothy L. Blixseth on December 8, 2011. Shane P. Coleman and Charles W. Hingle of Billings, Montana appeared at the hearing

1

on behalf of YCLT; Michael J. Flynn of Boston, Massachusetts, Patrick T. Fox of Helena, Montana, Philip H. Stillman of Miami Beach, Florida and Christopher J. Conant of Denver, Colorado appeared at the hearing on behalf of Timothy L. Blixseth ("Blixseth").

BACKGROUND

This Adversary Proceeding was commenced on February 25, 2009. On March 16, 2009, Blixseth sought to intervene. Following an expedited hearing held March 24, 2009, the Court granted Blixseth's request to intervene. Trial in the matter was then held April 29 and 30, and May 1, 4, 5 and 6, 2009, at which time the record was closed. However, following receipt of post-trial briefs and after entry of a Partial and Interim Order, which was later vacated, the Court concluded it was appropriate to keep the record open and allow the parties, particularly Blixseth, additional time to present their defenses.[1] Following a further scheduling conference held August 12, 2009, the Court entered an Order directing that any and all discovery be completed by January 15, 2010, and set February 24, 2010, as the date trial would reconvene. In an Order entered August 12, 2009, the Court specifically directed that "all written discovery shall be served upon the opposing party or parties well enough in advance of the January 15, 2010, deadline to enable the answering party or parties to complete responses to said written discovery under the time limits set forth in the Federal Rules of Bankruptcy Procedure."

The second phase of the trial in this Adversary Proceeding was held February 24, 25 and 26, 2010. The Pretrial Order submitted by the parties shows YCLT was requesting judgment against Blixseth in the amount of $286.4 million. In August of 2010, the Court entered a Memorandum of Decision finding the evidence supported the claims asserted by YCLT against

---

[1] Blixseth presented virtually no defense at the first phase of trial.

2

Blixseth. However, for reasons explained in a Memorandum of Decision entered August 16, 2010, the Court decided to award YCLT not the amount of damages requested, but rather, award YCLT an amount sufficient to pay Class 1, 2, 4, 5, 6, 9, 10, 11, 12, 13, and 14 claims and those claims that Blixseth identified as "not classified" on Exhibit A attached to his Post-Trial Brief filed March 19, 2010, at docket entry no. 571. YCLT provided ample evidence to support its claim of $286.4 million. However, the Court accepted a defense asserted by Blixseth, which required damages to be set at something less that $286.4 million. Even though Blixseth was asserting various defenses to YCLT's claims, he did not put on evidence as to what damages would be if the Court were to accept any of Blixseth's asserted defenses. As previously noted, the Court ultimately accepted one of Blixseth's defenses and concluded Blixseth should only be made to pay the total of the claims in Class 1, 2, 4, 5, 6, 9, 10, 11, 12, 13, and 14.

Exhibit A attached to Blixseth's Post-Trial Brief filed March 19, 2010, at docket entry no. 571 showed Class 1 claims totaling $40,000; Class 4 claims totaling $122,381,604.96; Class 5 claims totaling $124,212.71; Class 9 claims totaling $14,717,800; Class 11 claims totaling $10,095,123.29; Class 13 claims totaling $750,000; Class 14 claims totaling $3,750,000; and Claims Not Classified totaling $31,216,000. The total of the foregoing classes, based upon the Exhibit supplied by Blixseth, exceeded $180 million. Blixseth did not provide any totals for Classes 2, 6, 10 or 12.

Following entry of the Court's original judgment on August 16, 2010, which merely identified the Classes to be paid, but with no specified dollar amounts, YCLT filed a motion for amendment of the judgment. In its request, YCLT again asked that damages be fixed in the amount of $286.4 million plus interest; or in the alternative, for an order that damages be fixed

3

against Blixseth in the amount of $40,067,962.43 plus interest.

The Court was not receptive to amending its judgment to fix damages in the amount of $286.4 million. However, the Court agreed that entry of a judgment which identified a specific dollar amount, as opposed to merely identifying particular classes, was in the best interest of all parties. Unfortunately, other than Exhibit A attached to his Post-Trial Brief, Blixseth had not provided any numerical evidence consistent with his defenses. The Court was thus left with the question whether damages were closer to $180 million, as reflected in Blixseth's Exhibit A, or closer to $40,067,962.43, as asserted by YCLT. The Court elected to accept the smaller number proffered by YCLT and awarded damages in the amount of $40,067,962.43.

Blixseth and YCLT appealed this Court's judgment. On October 11, 2011, United States District Judge Sam E. Haddon, District of Montana, entered an Order dismissing the appeals on grounds this Court's Amended Judgment of September 7, 2010, was not a final judgment from which an appeal may be taken. In response to Judge Haddon's Order, YCLT filed on October 26, 2011, a Motion for Amendment to, and Entry of, Final Judgment. That matter is under advisement and will be addressed after the parties have had an opportunity to file post-hearing briefs.

However, in connection with YCLT's Motion for Amendment, counsel for Blixseth issued a subpoena to Kirschner, directing his attendance at a hearing scheduled for January 10, 2012. The January 10, 2012, hearing was ultimately held March 6, 2012. Kirschner did not attend the March 6, 2012, hearing. That subpoena is the subject of YCLT's pending motion to quash. The need for entry of a final judgment in this matter also caused Blixseth to file the pending Motion to Reopen Discovery Pertaining to Damages.

DISCUSSION

The record in this case was originally closed in May of 2009, but was reopened by the Court in June of 2009 so the parties could put on further evidence in support of their claims and defenses. After the record was reopened, the Court granted the parties through January 15, 2010, to complete discovery. That deadline has long passed.

Notwithstanding the fact that discovery has closed and trial has concluded, Blixseth seeks to reopen the record regarding damages and seeks to compel Kirschner's attendance at a hearing on YCLT's request for entry of a final judgment. Counsel for YCLT seeks to quash the subpoena arguing there are no factual issues to resolve in this Adversary Proceeding, that Kirschner's testimony would be irrelevant, and that it would be an undue burden and expense to compel Kirschner's attendance in light of the absence of factual issues and Kirschner's lack of knowledge of any relevant facts. YCLT similarly opposes Blixseth's request to reopen the record, arguing Blixseth received a windfall of at least $245 million, and should not be allowed to complain at this late date.

The time for Blixseth to present damages of something less than $286.4 million, as requested by YCLT, was during trial. Blixseth had not one, but two opportunities to present his claims and defenses. The Court will not at this late date reopen the record to consider additional evidence. The evidence provided by Blixseth, albeit after trial had concluded, put the damages in excess of $180 million. This Court disregarded Blixseth's number and instead went with a number that was substantially less. Therefore, Blixseth's motion to reopen discovery is denied.

Likewise, because the Court declines to open the record for additional discovery, the Court grants YCLT's motion to quash. Kirschner's testimony at this late stage in the case would

5

be irrelevant, and it would be an undue burden and expense to YCLT. For the reasons discussed above, the Court will enter a separate order as follows:

IT IS ORDERED:

1. The Motion to Quash Subpoena filed by Marc S. Kirschner, as Trustee of the Yellowstone Club Liquidating Trust, on January 5, 2012, is GRANTED; and

2. The Motion to Reopen Discovery Pertaining to Damages filed by Timothy L. Blixseth on December 8, 2011, is DENIED.

BY THE COURT

_____
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana

6